IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY WATSON | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | 07-cv-2705 |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

June __4th____, 2009                                                                            Anita B. Brody, J.

**MEMORANDUM**

On June 29, 2007, Plaintiff brought suit against the Philadelphia Housing Authority alleging that her due process rights were violated by the Philadelphia Housing Authority when she was evicted her from her apartment. After the close of discovery, the Philadelphia Housing Authority moved for summary judgment. Because there is no genuine issue of material fact, the defendant's motion for summary judgment is granted.

**I.     Background**[1]

Plaintiff Dorothy Watson was a public housing resident who resided in a single-family row house at 6126 Chancellor Street, Philadelphia (the "Premises"), pursuant to a lease with the defendant, the Philadelphia Housing Authority ("PHA"). (Def.'s Mot. Summ. J. Ex.1A, Lease Agreement**.**) On April 3, 2003, the Philadelphia Housing Authority served Watson with a Notice of Lease Termination (the "Notice") for an alleged lease violation. (Def.'s Mot. Summ. J.

---

[1] Unless stated otherwise, all facts in this section are adopted from the complaint and are stated in the light most favorable to the plaintiff, the non-moving party.

Ex.1B.) The Notice stated that Watson's tenancy was being terminated because she violated three separate provisions of the lease: (1) allowing her son to live with her without the approval of management in violation of section 1C; (2) failing to maintain the premises in a safe, clean, and sanitary condition in violation of section 8E; and (3) striking two managers on the arm and shoulder in violation of section 8H. (Id.)

Following receipt of the Notice, Watson obtained counsel. On April 12, 2003, through her counsel, Watson requested a grievance hearing to dispute the termination. (Def.'s Mot. Summ. J. Ex.1C, Tenant's Grievance Hearing Request.) On April 23, 2003, the PHA filed a Landlord and Tenant Complaint with the Philadelphia Municipal Court, seeking a judgment of possession based on non-payment of rent and breach of a condition of the lease. (Def.'s Mot. Summ. J. Ex.2A, Landlord and Tenant Complaint.) The Municipal Court action was continued until after Watson's grievance hearing could take place. (Def.'s Mot. Summ. J. Ex.2B, [hereinafter, "Municipal Court Docket"].)

On July 8, 2003, the grievance hearing went forward before an arbitrator. Both Watson and the PHA were represented by counsel during the arbitration. (Def.'s Mot. Summ. J. Ex.1D, Order of Arbitrator Arlene O. Freiman, Esq., dated July 10, 2003.) The arbitrator found that Watson had violated sections 8E and 8H of the lease (failure to maintain the unit in decent, safe and sanitary condition, and physical abuse of PHA employees, respectively), but that Watson had not violated section 1C of the lease (occupancy by an unauthorized tenant). (Id.)

On October 8, 2003, following the arbitration, an eviction hearing took place in the Municipal Court. Again, both Watson and the PHA were represented by counsel. (Municipal Docket.) On November 12, 2003, Municipal Court Judge Marsha Neifield ruled that Watson had

breached a condition of her lease and granted PHA a writ of possession for the Premises. *Phila. Hous. Auth. V. Watson*, No. LT-03-04-23-2137 (Phila. Mun. Ct. Nov. 12, 2003). Watson appealed Judge Niefield's decision to the Philadelphia Court of Common Pleas, and the parties agreed to a stay of execution of the writ of possession until the appeal was decided. On June 8, 2005, Watson's appeal was dismissed for failure to appear, and the stay of execution expired. (Def.'s Mot. Summ. J. Ex.2D, [hereinafter, "Appeal Docket"].)

On July 19, 2005, PHA was granted an order allowing it to execute Watson's eviction. (Municipal Docket.) On July 27, 2005, PHA filed a praecipe for a writ of possession. This writ was served on Watson on August 7, 2005. (Def.'s Mot. Summ. J. Ex.3A, Notice of Service of Writ of Possession.) On August 22, 2005, Watson moved the Court of Common Pleas for reconsideration of its decision dismissing her appeal.[2] (Appeal Docket.) Watson's motion for reconsideration was denied on September 9, 2005. The order denying the motion for reconsideration was entered on September 13, 2005. (Id.) That same day, September 13, 2005, the PHA served Watson with an alias writ of possession and evicted her from the Premises. When Watson was removed from her home, some of her personal property was confiscated, including her wheelchair. Watson was also denied access to the Premises to retrieve her medication and prescription renewals. As a result of being without her medications, Watson developed numerous bilateral gluteal abscesses within weeks of the eviction, which required hospitalization and surgery.

---

[2] A few days later, on August 25, 2005, Watson also filed a petition to stay the eviction in the Municipal Court, which was denied the same day. (Municipal Docket.)

On June 29, 2007, Watson filed a complaint against the Philadelphia Housing Authority challenging PHA's conduct during the eviction and alleging violations of Pennsylvania state law, 42 U.S.C. §§ 1985(3) and 1983, and various other federal statutes. Pursuant to my Explanation and Order dated November 27, 2007 (Doc. #10), all of Watson's claims against PHA were dismissed with the exception of Watson's § 1983 claim, which alleges that PHA violated her due process rights by (a) failing to properly train and/or supervise its employees regarding the procedure to be followed in evicting tenants with disabilities, (b) failing to give the plaintiff adequate notice before proceeding with the execution of a writ of possession, and (c) failing to follow its own regulations governing tenant evictions. On March 17, 2008, Watson moved to disqualify her counsel, and on March 24, 2008, plaintiff's counsel moved to withdraw. On April 8, 2008, I granted Watson's attorney permission to withdraw as counsel for plaintiff (Doc. #25). Since that time, Watson has proceeded *pro se*. On December 3, 2008, the PHA filed a motion for summary judgment on Watson's remaining § 1983 violation of due process claim (Doc. #52).

## II.   Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Kornegay v. Cottingham*, 120 F.3d 392, 395 (3d Cir. 1997). A factual dispute is "genuine" if the evidence would permit a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of demonstrating that there are no facts supporting the nonmoving party's legal position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party carries this initial burden, the

4

nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where one party is proceeding *pro se*, the court "reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein." *Hodson v. Alpine Manor, Inc.*, 512 F.Supp.2d 373, 384 (W.D. Pa. 2007). However, despite this liberal interpretation, the same standards for summary judgment apply to *pro se* litigants. *U.S. v. Asken*, No. 01-0026, 2002 WL 32175416, at *1 n.11 (E.D. Pa. Oct. 28, 2002). This means that the non-moving party "cannot rely merely upon bare assertions, conclusory allegations or suspicions to support its claim." *Fireman's Ins. Co. v. DeFresne*, 676 F.2d 965, 969 (3d Cir. 1982). The party opposing summary judgment, whether *pro se* or counseled, must present evidence, through affidavits, depositions, or admissions on file, to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

### III. Discussion

Watson's remaining claim seeks to hold the PHA responsible for alleged violations of her constitutional rights under 42 U.S.C. § 1983. As a public housing authority, the PHA is considered a municipal corporation for the purposes of § 1983. *Wright v. Philadelphia Housing Authority*, No. 94-1601, 1994 WL 597716, at *3 (E.D. Pa. Nov. 1, 1994). A municipal corporation may be liable under § 1983 only where the plaintiff can show that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Monell v. Dep't of Social Services*, 426 U.S. 658, 694 (1978); *see also Watson v. Abington Tp.*, 478 F.3d 144, 155 (3d Cir. 2007) ("[M]unicipal liability under 42 U.S.C. § 1983 cannot be based on the respondeat superior

doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights."). Watson alleges the PHA violated her constitutional rights in two ways: (1) that the PHA did not give her adequate notice of the eviction in violation of her due process rights under the Fourteenth Amendment, and (2) that the PHA deprived her of her personal property during the eviction in violation of the Fourth Amendment. Watson also alleges that the PHA is liable under § 1983 for failure to train or supervise its agents in the proper procedures for evicting a disabled tenant. I address each of Watson's claims in turn. In each case, I find that the plaintiff has failed to meet her evidentiary burden to show that there is any genuine issue of material fact for trial.

    1.    Violation of Due Process

The fundamental requirement of due process is "the opportunity to be heard at a meaningful time and in a meaningful manner." *Cinea v. Certo*, 84 F3d 117, 121 (3d Cir. 1996) (citations omitted). Watson alleges that she was deprived of her due process rights by not being given sufficient notice or a reasonable opportunity to be relocated before the PHA proceeded with executing its writ of possession. There are both state laws and federal regulations that set forth procedures that a housing authority must follow when evicting a tenant, which provide the tenant with an opportunity to be heard before a neutral decision-maker. The plaintiff has submitted no evidence that her eviction was not executed in accordance with state or federal procedure. Therefore, I grant summary judgment for the defendant on plaintiff's violation of due process claim.

    a.    *Due Process Under State Law*

Before proceeding with an eviction, Pennsylvania law requires landlords to provide tenants with 30 days' notice to quit and to demonstrate cause at a hearing in municipal court. 68 Pa. Stat. Ann. §§ 250.101, *et seq*. A landlord may commence execution of an eviction ten (10) days after being granted a judgment for possession by filing a praecipe for a writ of possession. Phila. Mun. Ct. R. Civ. P. 126(b). Eleven (11) days after a writ of possession is issued, a landlord may file a praecipe for an alias writ of execution to be served on the day of the eviction. *Id.* The PHA followed these procedures in this case, and Watson was represented by an attorney during the proceedings before the Municipal Court. (Municipal Docket.) The Municipal Court found cause to award possession to the PHA, and Watson had an opportunity to appeal this decision. The appeal was denied. (Appeal Docket.) Although Watson claims that the Philadelphia Housing Authority forged the signature of Judge Silberstein on the writ and alias writ, Watson has submitted no evidence whatsoever that the writ and alias writ were forged or in any way legally deficient.

The Court cannot credit bald allegations at the summary judgment stage; the plaintiff must provide the court with credible evidence. *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982) ("Rule 56(e) does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions. . . .[T]he opposing party must respond by supplementing the record in some manner - whether by its own affidavits or otherwise."). Watson has not produced any evidence, in affidavit form or otherwise, to show that PHA did not comply with Pennsylvania state procedures for executing her eviction, or that she was denied due process under state law.

        *b.*      *Due Process Under Federal Law*

Federal regulations for evicting a public housing tenant require the PHA to provide up to thirty (30) days notice of lease termination and to state the specific grounds for lease termination on the notice. 24 C.F.R. §§ 966.4. The regulations also require that a tenant being evicted must be given the opportunity to participate in a grievance hearing that includes the opportunity to examine relevant documents, the right to be represented by counsel, the right to a private hearing if requested, the right to present evidence and arguments, and the right to a decision based solely on the facts presented at the hearing. 24 C.F.R. §§ 966.56, 966.57. In this case, there is evidence that Watson was provided with a notice of lease termination that stated the grounds for termination and provided the tenant with thirty days to vacate the Premises. (Def.'s Mot. Summ. J. Ex.1B.) There is also evidence that Watson requested and was provided with a grievance hearing before an arbitrator at which she was represented by counsel, testimony was taken, and evidence was presented. (Def.'s Mot. Summ. J. Ex's.1C, 1D.)

Watson has not provided any evidence that she was not given a fair hearing or denied due process under federal law in connection with her eviction. The record reflects that Watson was provided with adequate notice of her eviction in accordance with the law, as well as a meaningful opportunity to be heard before both a neutral arbitrator and a Municipal Court judge. Because there is no genuine issue of fact as to whether Watson was afforded due process in the termination of her lease and subsequent eviction proceedings, summary judgment is granted for the PHA on plaintiff's violation of due process claim.

    2.     Deprivation of Property

A Fourth Amendment "seizure" of personal property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 209 (3d Cir. 2001) (citations omitted). Watson alleges that her Fourth Amendment rights were violated by the PHA when her wheelchair, medication and personal effects were confiscated during the eviction process. Watson has not submitted any evidence to substantiate her allegation that any of her property was confiscated. However, even granting Watson the benefit of the doubt that she was deprived of personal property during her eviction, in order to succeed with her claim against the PHA under § 1983, Watson must show that her deprivation was caused by an official policy or custom of the PHA, as opposed to the independent actions of the individuals who moved her belongings. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978); *see also McGovern v. City of Phila.*, 554 F.3d 114 (3d Cir. 2009) ("[A] municipality may not be held vicariously liable for the federal constitutional or statutory violations of its employees. . . . Instead, it is when execution of a government's policy or custom. . . inflicts the injury that the government as an entity is responsible under § 1983."). Because Watson has failed to identify any policy or custom of the PHA that resulted in her deprivation, the PHA cannot be held liable under § 1983 and summary judgment is granted for the defendant.

   3.  Failure to Train

A municipality may be held liable under § 1983 for failure to train, monitor, or supervise, only where the plaintiff can "identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations

9

occurred." *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005). The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). This standard imposes a high burden on plaintiffs. *Id.*

In this case, Watson alleges that the PHA failed to properly train its employees in procedures for evicting tenants with disabilities and failed to supervise and/or control their activities while executing the writ of possession. However, beyond making this allegation, Watson has not met her evidentiary burden for surviving summary judgment on this claim. Watson has "neither identified the specific training the County should have offered which would have prevented the deprivation of their constitutional rights nor established that such training was not provided." *Reitz v. County of Bucks*, 125 F.3d at 145 (3d Cir. 1997) (holding summary judgment was properly granted for the municipality where the plaintiff provided no evidence as to failure to train). Nor has Watson made any showing from which a reasonable juror could conclude that the PHA's failure to provide training was the proximate cause of any constitutional violations, or that the PHA or any of its agents were deliberately indifferent. The PHA's motion for summary judgment against Watson's claims for failure to train or supervise under § 1983 is granted.

## IV.   Conclusion

After evaluating the evidence submitted by the parties, and drawing all reasonable inferences in the plaintiff's favor, I find that there is no genuine issue of material fact for trial. Summary judgment is granted for the defendant.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:   Copies **MAILED** on _____ to: